**2016 OK CIV APP 26**

**In the Matter of the ADOPTION OF K.L.C., a Minor Child.**

**Timothy James Metrovich, Petitioner/Appellant,**

**v.**

**Vincent Lee Coughran, Respondent/Appellee.**

**No. 114,212.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 18, 2016.

Catherine Welsh, Jim C. McGough, Welsh & McGough, PLLC, Tulsa, Oklahoma, for Petitioner/Appellant.

Brian Melton, The Law Offices of John M. Dunn, PLLC, Tulsa, Oklahoma, for Respondent/Appellee.

Angela N. Monroe, Office of the Public Defender, Tulsa, Oklahoma, for the Minor Child.

BAY MITCHELL, Judge.

¶ 1 Petitioner/Appellant Timothy James Metrovich (Stepfather) appeals from an order denying his petition to adopt minor child K.L.C. without the consent of K.L.C.'s natural father, Respondent/Appellee Vincent Lee Coughran (Father). We find Stepfather failed to present clear and convincing evi-

dence that Father willfully failed to contribute to K.L.C.'s support for twelve consecutive months out of the last fourteen months immediately preceding the filing of the petition for adoption.

¶2 Stepfather filed a petition to adopt his stepdaughter, K.L.C., and an application for an order determining K.L.C. eligible for adoption without Father's consent on January 13, 2015. The application alleged Father's consent was not needed for the adoption because he had (1) willfully failed to contribute to the support of K.L.C. and (2) willfully failed to establish and/or maintain a substantial positive relationship with K.L.C., both for a period of twelve consecutive months out of the fourteen months preceding the filing of the petition for adoption. After a hearing, the court found that Stepfather failed to meet his burden on both grounds and that K.L.C. was not eligible for adoption without Father's consent.

 ¶3 Stepfather's sole proposition of error on appeal is that he presented clear and convincing evidence showing Father willfully failed to support K.L.C.[1] Title 10 O.S. 2011 § 7505-4.2 provides, in pertinent part:

B. Consent to adoption is not required from a parent who, for a period of twelve (12) consecutive months out of the last fourteen (14) months immediately preceding the filing of a petition for adoption of a child ... has willfully failed, refused, or neglected to contribute to the support of such minor:

...

2. According to such parent's financial ability to contribute to such minor's support if no provision for support is provided in an order.

The issue of willfulness is a question of fact. *In re Adoption of D.L.A.*, 2003 OK CIV APP 7, ¶4, 62 P.3d 796, 798 (citation omitted). The burden was on Stepfather to present clear and convincing evidence to prove Father willfully failed to support K.L.C. *In re Adoption of C.D.M.*, 2001 OK 103, ¶13, 39 P.3d 802, 807. On appeal, we review the record to determine whether Stepfather presented clear and convincing evidence and whether the trial court's findings are contrary to such clear and convincing evidence.[2]

¶4 Stepfather notes that Father was gainfully employed during the relevant time period and that Father knew where Natural Mother worked and where her parents lived, yet Father never sent Mother any money. Despite these facts, we find the trial court did not err when it found Stepfather failed to meet his burden. Father filed a petition to establish paternity, asking the court to determine paternity, set visitation, and establish child support payments, two and a half months prior to the filing of Stepfather's petition for adoption.[3] This demonstrates Father's willingness to provide support. *See In re Adoption of D.L.A.*, 2003 OK CIV APP 7, ¶16, 62 P.3d at 800. Father also testified he purchased gifts for K.L.C. and set aside money for her support, but when he contacted Mother to discuss visitation and support, he received no response. Although Stepfather and Mother testified that Father did *not* contact her regarding support, "[t]he trial court is entitled to choose which testimony to believe as the judge has the advantage over this Court in observing the behavior and demeanor of the witnesses." *Mueggenborg v. Walling*, 1992 OK 121, ¶7, 836 P.2d 112, 114.

1. Stepfather did not appeal the court's finding that he failed to show Father willfully failed to establish or maintain a relationship with K.L.C.

2. Appeals in these types of cases typically stem from the court's ordering an adoption without consent. In those cases, the standard of review has been clearly articulated: "The decision of the trial court will not be disturbed unless it fails to rest on clear and convincing evidence." *In re Adoption of C.D.M.*, 2001 OK 103, ¶13, 39 P.3d at 807 (footnote omitted). In cases like the one at hand, in which the trial court denies the application to adopt without consent, application of that review standard is illogical, if not nonsensical. Applying that standard here would require a determination that there was clear and convincing evidence that there was no clear and convincing evidence establishing the statutory ground for finding the child eligible for adoption without Father's consent.

3. The paternity action, filed in Wagoner County, was transferred to Tulsa County upon Stepfather's motion to intervene and Stepfather and Mother's joint motion to transfer and was consolidated with the adoption proceedings.

¶ 5 Upon review of the record, we find the trial court properly determined that Stepfather failed to show, by clear and convincing evidence, that Father had willfully failed to support K.L.C. The order denying Stepfather's petition to adopt without Father's consent is AFFIRMED.

BUETTNER, V.C.J., P.J., and GOREE, J., concur.